**SO ORDERED.**

**SIGNED this 21 day of September, 2011.**

_____
                    **Randy D. Doub**
          **United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

**IN RE:**

| | |
|---|---|
| **MARTY THOMAS BUCK,** | **CHAPTER 13** |
| | **CASE NUMBER: 11-03753-8-RDD** |
| **DEBTOR** | |

| | |
|---|---|
| **MARTY THOMAS BUCK,** | **ADVERSARY PROCEEDING** |
| | **NUMBER: 11-00165-8-RDD** |
| **Plaintiff** | |
| | |
| **v.** | |
| | |
| **FRANKLIN COLLECTION SERVICE, INC.,** | |
| | |
| **Defendant** | |

### <u>ORDER DENYING MOTION TO DISMISS</u>

Pending before the Court is the Motion to Dismiss filed by Franklin Collection Service, Inc.,

(the "Defendant") on July 21, 2011(the "Motion"). The Court conducted a hearing on September

7, 2011 to consider the Motion. After considering the evidence before the Court, the Motion is

DENIED.

## BACKGROUND

Marty Thomas Buck, (the "Plaintiff") filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 13, 2011. The adversary proceeding before the Court arises from a debt collection attempt by the Defendant approximately one month before the filing of the bankruptcy proceeding. In his complaint, Plaintiff alleges that Defendant is a Collection Agency or Debt Collector as defined by the North Carolina General Statutes and  was contracted by AT&T, Inc. to recover a debt owed to the corporation. Plaintiff states that on or about April 19, 2011 Defendant mailed to Plaintiff a letter stating he was indebted to AT&T, Inc. in the amount of $524.25 plus an additional $94.36 as a "Collection Fee." Plaintiff asserts that N.C. Gen. Stat. §58-70.115(2) prohibits a debt collection agency from attempting to collect any part of a debt collection agency's fee from a debtor. Furthermore, Plaintiff alleges Defendant's April 19, 2011 letter states the balance due "may include other creditors not listed." Plaintiff asserts that N.C. Gen. Stat. § 58-70.110(1) requires a collection agency to disclose the name and corporation for which it is collecting. As such, Plaintiff claims both acts are in violation of the North Carolina Unfair and Deceptive Trade Practices Act and demands relief under N.C. Gen. Stat. § 75-50 et seq. Plaintiff demands $4,000 in statutory damages plus legal fees but makes no demand for actual damages. Plaintiff claims any damages recovered from the action are exempt from the bankruptcy estate under the N.C. Gen. Stat.. § 1C-1601(a)(8) and reserves the Trustee's right to address the issue of the exemption upon the outcome of the case. Complaint at 2, *Buck v. Franklin Collection Serv. Inc.,* AP No. 11-00165-8-RDD (Bankr. E.D.N.C. filed May 14, 2011).

## STATEMENT OF THE CASE

In the Motion, Defendant asserts that the Court lacks subject matter jurisdiction over the adversary proceeding because it does not involve a federal question, it is a non-core proceeding that does not arise under title 11, and it is not otherwise related to a case under Title 11. Defendant argues this Court does not have jurisdiction as the adversary proceeding involves a single collection letter sent pre-petition brought under North Carolina law. Therefore, Defendant asks the to Court dismiss the matter for lack of subject matter jurisdiction or alternatively withdraw the reference from the district court.

In his complaint, Plaintiff asserts that the Court has jurisdiction over the adversary proceeding based on 28 U.S.C. § 1334 as it is related to the underlying Chapter 13 case under title 11 and concerns the property of the debtor. Plaintiff asserted in the complaint that the matter is a core proceeding and jurisdiction in this Court is proper. However, at the hearing, the Plaintiff and Defendant agreed the cause of action is a non-core proceeding. Furthermore, the Plaintiff demands that the Court conduct a jury trial on the matter, but the Defendant objects to a jury trial in bankruptcy court

## <u>DISCUSSION</u>

The bankruptcy courts have original and exclusive jurisdiction over all cases under title 11 and original but not exclusive jurisdiction of civil proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1334(a) to (b). Under § 1334(e)(1), the bankruptcy court has exclusive jurisdiction over all property of the debtor and the estate as of the commencement of a case under title 11. Furthermore, § 1334 provides that "nothing in this section prevents a district

court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

The Bankruptcy Court for the Eastern District of North Carolina applies a twelve factor test in deciding to abstain from hearing a proceeding.

> The factors are as follows: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasability of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Seascape at Wrightsville Beach, LLC v. Mercer's Enters*, 387 B.R. 681, 686 (Bankr. E.D.N.C. May 8, 2008). Furthermore, other Eastern District of North Carolina courts have considered whether a "state court can reach decisions affecting the debtor with as much efficiency" as the bankruptcy court in determining whether abstention is appropriate. *H&R Equipment Services, LLC v. James B. Angell* (*In re Partitions Plus of Wilmington, Inc.*), Case No. 05-00261-8-AP (Bankr. E.D.N.C. January 19, 2006).

After carefully considering each of the factors, the Court finds the majority weigh in favor of abstention in this case. Specifically, as to factor one, the Court finds that matter has no effect on the administration of the bankruptcy case as any property due under the claim is likely exempt, the

4

Trustee reviewed the exemption, and any civil action will reach a prompt resolution in state court. As to factor two, the Court finds the claim rests only upon state law and state courts are as qualified to hear the matter as the bankruptcy court. As to factor three, the applicable law appears to be fairly settled but would be better heard in state court as it involves purely state claims. As to factor four, while there are no other related proceedings in non-bankruptcy court, the Court finds it would be more efficient for this matter to be heard in state court. As to factor five, The Court finds it has no jurisdictional basis over the adversary proceeding other than that provided in § 1334 because the matter involves purely state law issues, which could be more easily and efficiently filed and adjudicated in the state courts of North Carolina. As to factor six, there is no relation between the claims and the Chapter 13 bankruptcy case. As to factor seven, the substance of the proceeding involves matters controlled by state law and jurisdiction only arises procedurally under § 1334, therefore the adjudication is best suited for state court.  As to factor eight, the claims arise purely under state law and can be efficiently severed from any matters before the bankruptcy court. As to factor nine, the case would be more efficiently filed in state court. As to factor ten, there is no evidence of forum shopping in this matter. As to factor eleven, the Court finds that because the Defendant has objected to a jury trial in the bankruptcy court and such matter must be heard in district court, the state court is equally as competent to adjudicate the matter. Finally, as to factor twelve, the Defendant is neither a party to the bankruptcy case nor has any claims against Plaintiff.

In light of all the factors, the Court finds it must abstain from hearing the adversary proceeding arising under N.C. Gen. Stat. § 75-50 et seq. in the interests of justice and comity to the state court with respect to state law claims as provided under 28 U.S.C. § 1334(c)(1).

The Plaintiff is directed to file this action in the General Court of Justice for the State of North Carolina which has jurisdiction over the matter pursuant to N.C. Gen. Stat. § 75-50 et seq.

The clerk is directed to close this adversary proceeding.

**SO ORDERED.**

**END OF DOCUMENT**